UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOMINIC ALAN DIMAIO,

        Plaintiff,

v.                                        Case No. 3:21-cv-911-BJD-PDB

SGT. WILLIAMS and
DIRECTOR MORRIS,

        Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff, a pretrial detainee at the Duval County Jail, initiated this action on behalf of himself and a purported class of other similarly-situated individuals by filing a "Petition for Writ of Habeas Corpus or in the Alternative, Petition for Writ of Mandamus" in the Fourth Judicial Circuit, in and for Duval County, Florida. See Doc. 3; DiMaio v. Williams, et al., No. 16-2021-CA-004253 (Fla. 4th Cir. Ct.). Plaintiff is currently in pretrial custody for a pending state court criminal case in which the state is prosecuting Plaintiff for armed burglary with assault or battery, two counts of kidnapping with a firearm, aggravated battery, possession of a firearm by a convicted felon, and possession of ammunition by a convicted felon. See State v. DiMaio, No. 16-2019-CF-012761 (Fla. 4th Cir. Ct.). Plaintiff names two Jacksonville Sheriff's Office

employees as Defendants: Sergeant Williams and Director Morris. Doc. 3. Defendants removed the case to this Court on September 13, 2021. See Notice of Removal (Doc. 1).

Plaintiff asserts that Defendants have violated his right of access to courts by depriving him and other pro se inmates of legal supplies. Doc. 3 at 1. According to Plaintiff, the jail has implemented a new "system" that reduces the quantity of legal supplies the facility will provide to indigent detainees. Id. at 2. He contends that in the past, the jail provided pro se litigants with twelve envelopes per month for legal and personal use, but now only provides "1 envelope (prestamped) and two sheets of writing paper." Id. Plaintiff asserts that this reduction and inadequate supply system has hindered his and other pro se litigants' ability to adequately proceed in their pending state court criminal cases. He also makes a passing reference that the jail's new system violates their equal protection rights because unlike Plaintiff and other pro se detainees, "when a lawyer, or 'free man', needs to send" legal mail, they are not forced to wait weeks to obtain enough envelopes to serve a legal document on all parties involved in a particular case. Id. As relief, Plaintiff seeks declaratory and injunctive relief. Id. at 2.

Defendants have moved to dismiss this case, see Defendants' Motion to Dismiss (Motion; Doc. 7). The Court advised Plaintiff that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent

litigation and allowed him to respond. See Order (Doc. 9). Plaintiff filed a response in opposition to the Motion, see Response (Doc. 10), and submitted exhibits (Docs. 10-1 and 10-2). The Motion is ripe for review. For the reasons detailed below, the Court finds that this action is due to be dismissed without prejudice.

## I. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (alteration in original) (citation omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Moreover, when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"— "that the pleader is entitled to relief." Id. And, while "[p]ro se pleadings are

held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[1] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709); see also Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

## II. Summary of Arguments

Defendants argue that Plaintiff fails to state a plausible access to courts claim because he has failed to allege an actual injury resulting from Defendants' alleged denial of access to legal supplies. Motion at 5-6. They also assert Plaintiff has failed to state a plausible claim against Defendants in their official capacities, and that they are entitled to qualified immunity. Id. at 6-9.

---

[1] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Finally, Defendants seek dismissal because Plaintiff cannot bring claims on behalf of other inmates. Id. at 9-10.

In response, Plaintiff argues that "[a]lthough [he] may have failed to state specific injury, [he] reserved the right to amend a complaint by leave of the court upon application." Response at 2. He again suggests that the alleged limited access to legal supplies has hindered his pending state court criminal case and a related interlocutory state court appeal. Id. According to Plaintiff, that state court interlocutory appeal was dismissed because Defendants limited Plaintiff's access to postage stamps. Id. at 2. Plaintiff argues that without legal supplies, "Plaintiff, and other litigants, will fail to comply with court orders." Id. at 3. He suggests Defendants are personally responsible for this constitutional violation because they have denied Plaintiff's administrative grievances. Id. at 4. Plaintiff also maintains that he intended to file this action as a petition for writ of habeas corpus because he is being "illegally restrained of his liberty." Id. at 5-6. He contends that "the jail is deliberately punishing and retaliating against litigants who are electing self-representation." Id. at 10. He appears to allege that he is choosing to proceed pro se in his pending state criminal case because he believes that "public defenders" are "captors and traitors." Id. at 13.

### III. Analysis

Plaintiff has failed to state a plausible access to courts claim. Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). That right may be met "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. When interpreting the right of access to courts outlined in Bounds, the Eleventh Circuit has held that access to additional legal material is not mandatory where legal counsel is provided as an alternative. Smith v. Hutchins, 426 F. App'x 785, 789 (11th Cir. 2011) (citing Hooks v. Wainwright, 775 F.2d 1433, 1435 (11th Cir. 1985) ("concluding state need not provide prisoners assistance of counsel in addition to libraries for purpose of filing collateral suits, stating, 'it is noteworthy that Bounds refers to law libraries or other forms of legal assistance, in the disjunctive, no fewer than five times.'")). Further, "[b]ecause Bounds addressed only the issue of access to courts in the context of inmates filing civil actions or habeas petitions for post-conviction relief, some courts have held that Bounds has no applicability to defendants

representing themselves in criminal proceedings."[2] Smith, 426 F. App'x at 789 n.5.

Rather, where a pretrial detainee claims that his lack of access to legal material has hindered his ability to represent himself in a pending criminal proceeding, the constitutional right of access to courts may be satisfied if the plaintiff has been provided the option of legal counsel and his decision to represent himself was voluntarily made. Id. at 789 (citing Edwards v. United States, 795 F.2d 958, 961, n. 1, 3 (11th Cir. 1986) (stating that when counsel is offered, the alternative of other legal assistance is not mandatory, citing

---

[2] In United States v. Chatman, 584 F.2d 1358 (4th Cir. 1978), the court explained that the right of access to courts for pretrial detainees seeking assistance with a pending criminal action is based on the Sixth Amendment right to counsel. Id. at 1360. The court explained the following:

> [Bounds] held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828. Bounds, of course, has no direct application to defendant. He was accused of [a] crime and had an absolute right to counsel, which he validly waived; he had no present thought of pursuing post-conviction relief. But, even so, we do not read Bounds to give an option to the [p]risoner as to the form in which he elects to obtain legal assistance. The option rests with the government which has the obligation to provide assistance as to the form which that assistance will take. Thus, to the extent that it may be said that Bounds has any application to the instant case, the United States satisfied its obligation under the Sixth Amendment when it offered defendant the assistance of counsel which he declined. We so hold. Cf. United States v. West, 557 F.2d 151 (8th Cir. 1977).

Bounds, 430 U.S. at 828); see also Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) (agreeing with circuits holding that a defendant who rejects court appointed counsel has no constitutional right to access a law library in preparing a pro se defense at trial); Daker v. Warren, 660 F. App'x 737, 740 (11th Cir. 2016) (reiterating that under Eleventh Circuit precedent access to a law library is not mandatory for a pro se defendant when counsel has been offered); Singleton v. FS No. 7084, No. 3:11-cv-70-J-12TEM, 2011 WL 617942, *3 (M.D. Fla. Feb. 15, 2011) (holding there is no constitutional right to access legal materials in preparing a pro se defense in a criminal case when counsel has been offered and the plaintiff has elected to represent himself).

Here, the Court need not decide whether Bounds applies to pretrial detainees or whether Plaintiff has a right to access additional legal material, because the requirements of Bounds are satisfied if Plaintiff has the option to receive assistance from court-appointed counsel, but he is voluntarily proceeding pro se. See Smith, 426 F. App'x at 790 n.5 ("Regardless of whether Bounds applies to pretrial detainees, we conclude in this case Bounds does not require access to a law library where Smith had the option of assistance of appointed counsel."). Plaintiff's allegations show that Plaintiff has the option to be represented by court-appointed counsel in his pending state court criminal case, but he has declined that assistance so he could represent himself. While he appears to claim that he agreed to proceed pro se because

9

his only other option was to be represented by an incompetent attorney, that allegation is inadequate. Indeed, a review of Plaintiff's state court criminal docket shows that soon after Plaintiff's arrest, the state court appointed defense counsel for Plaintiff.[3] See DiMaio, No. 16-2019-CF-012761. Since then, the state court docket suggests that the state court, at the request of Plaintiff, discharged court-appointed counsel and then reappointed counsel on at least five occasions, with three different private attorneys assisting Plaintiff either as standby counsel or counsel of record throughout the proceedings.[4] Id.

Now, Plaintiff complains about the difficulty of obtaining legal material while housed in a pretrial detention facility although he voluntarily declined court-appointed counsel who has access to legal material. These facts do not sufficiently set forth a constitutional claim. Even if Plaintiff gives up his right to counsel, Plaintiff may request reappointment of an attorney to represent him in his criminal case by filing a motion with the state court or voicing his

---

[3] The Court takes judicial notice of Plaintiff's state court docket. See McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); see also Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("docket sheets are public records of which the court could take judicial notice.").

[4] According to Plaintiff's state court docket, as of August 2, 2021, Mr. Refik Eler is representing Plaintiff as counsel of record. See Dimaio, No. 16-2019-CF-012761. Generally, when a detainee is represented by counsel, the detainee's right of access to courts is satisfied as a matter of law. See, e.g., Jacobs v. Georgia, 820 F. App'x 882, 887 (11th Cir. 2020) (finding the plaintiff cannot demonstrate actual injury in access to courts claim as he was represented by counsel in his criminal case).

10

concerns at a scheduled hearing. This open and standing offer by the state satisfies Plaintiff's First Amendment right of access to courts. See Smith, 426 F. App'x at 789-90, 790 n.5 ("[b]ecause Smith voluntarily and intelligently waived his right to counsel, Smith had no constitutional right to access . . . other legal resources during his pre-trial detention" and the option of appointed counsel satisfied the requirements of Bounds.); Singleton, 2011 WL 617942 at *3 ("the offer of court-appointed counsel satisfies the state's obligation to provide meaningful access to the courts."). As such, Plaintiff has failed to state a plausible access to courts claim against Defendants.

Plaintiff has also failed to state a plausible equal protection claim against Defendants. Plaintiff does not allege discriminatory treatment based on any constitutionally protected interest such as race. His status as a prisoner serves as the only alleged ground for any differential treatment. But Plaintiff's status as a prisoner alone does not equal a suspect classification warranting a heightened constitutional protection. See Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1319 (11th Cir. 2006) (holding that differential treatment did not support an equal protection claim absent any evidence of invidious discrimination based on a protected characteristic); Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003) (citing Rivera v. Allin, 144 F.3d 719, 727 (11th Cir. 1998)) ("As prisoners are not a suspect class, heightened scrutiny is not warranted on that basis.").

11

Finally, Plaintiff, as a pro se litigant, cannot represent other inmates. See Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) ("As a pro se litigant, [the plaintiff] cannot bring an action on behalf of his fellow orthodox Muslim inmates." (citations omitted)); see also Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008) (explaining that 28 U.S.C. § 1654,[5] the provision permitting parties to proceed pro se, "appears to provide a personal right that does not extend to the representation of the interests of others"). Thus, insofar as Plaintiff attempts to raise claims on behalf of other inmates, such claims will be dismissed.

Therefore, Defendants' Motion is due to be granted and this case is due to be dismissed without prejudice. If Plaintiff refiles, he is advised that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). "[C]onclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). A complaint must include facts showing how each named

---

[5] "In all courts in the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654.

defendant allegedly violated the plaintiff's rights, and all claims raised must be related–meaning that the claims must arise from the same basic issue or incident. Unrelated claims must be raised in a separate lawsuit. Also, if Plaintiff intends to bring a habeas case under 28 U.S.C § 2241, the Court has approved the use of a form for those cases. Plaintiff may write to the Clerk of the Court and request that form.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.   Defendants' Motion to Dismiss (Doc. 7) is **GRANTED**.

2.   This case is **DISMISSED without prejudice**.

3.   The Clerk of the Court shall enter judgment dismissing this case without prejudice and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of November, 2021.

                                                BRIAN J. DAVIS
                                    United States District Judge

Jax-7

C:   Dominic DiMaio, #2019032996
     Counsel of record